UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BAKER'S ISLAND LIGHTHOUSE ) <br> PRESERVATION SOCIETY, INC. ) <br> And ROBERT LEAVENS ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> INTERIOR, *et al.*, ) <br> ) <br>     Defendants. ) | Civil Action No. 05-10855-PBS |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIVE DEFENDANTS**

Plaintiffs have brought a standard claim under the Administrative Procedure Act, 5 U.S.C. § 702 et seq., challenging a single agency decision – that of the Secretary of the Interior selecting the Essex National Heritage Commission ("Heritage Commission"), as the eligible entity to which Baker's Island Light Station should be conveyed under the National Historic Lighthouse Preservation Act, 16 U.S.C. § 470w-7. Plaintiffs have needlessly complicated the action, however, by naming ten separate defendants from three agencies -- at least five more defendants than are necessary to secure the relief plaintiffs seek. Since defendants Janet Snyder Matthews, P. Daniel Smith, the "Administrator of General Services," the General Services Administration, and John Kelly ("the nondecisionmaking defendants"), did not take the final agency action at issue, and no relief is sought from them, the claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiffs will not be prejudiced thereby, and the dismissal will permit the action to proceed more efficiently.[1]

---

[1] The other five defendants reserve all defenses they may have, to be asserted in a responsive pleading on their behalf should the nondecisionmaking defendants be dismissed from the action.

## BACKGROUND FACTS[2]

In accordance with the National Historic Lighthouse Preservation Act ("NHLPA"), 16 U.S.C. §470w-7[3], which authorizes the Secretary of the Interior to convey historic light stations to eligible entities, the General Services Administration ("GSA") issued a Notice of Availability for the Baker's Island Light Station ("the light station") on May 23, 2003.  Compl.¶ 25.  Both plaintiff Baker's Island Lighthouse Preservation Society, Inc. ("Preservation Society") and the Heritage Commission applied to become transferee of the light station.  Id., ¶ 28, 29.  On May 19, 2004, defendant P. Daniel Smith conducted a site visit to the light station with both applicants.  Id., ¶ 45.  The National Park Service recommended the Heritage Commission as transferee, and defendant Janet Snyder Matthews notified plaintiff Preservation Society of this recommendation on or around July 14, 2004.  Id., ¶ 50.  Thereafter, on or around July 27, 2004, plaintiff Preservation Society requested administrative review of the recommendation.  Id., ¶ 51.  On January 18, 2005, defendant Craig Manson confirmed the National Park Service recommendation that the light station be conveyed to the Heritage Commission.  Id., ¶ 53.

It is Manson's decision "confirming the recommendation of the National Park Service to convey the historic light station on Baker's Island," to the Heritage Commission, of which plaintiffs seek judicial review, Id., p. 1, and by which they claim they are aggrieved.  Id., ¶ 54-55.  Plaintiffs ask the Court, *inter alia*, to declare the decision to be arbitrary and capricious, unlawful, null and void; to set aside "any agency action based on the unlawful decision"; and to

---

[2] Solely for purposes of this Motion, defendant accepts, as this Court must, the truth of the well-pleaded factual allegations of the Complaint.  Rossiter v. Potter, 357 F.3d 26, 27 (1st Cir. 2004).

[3] The National Historic Lighthouse Preservation Act was enacted in 2000 as an amendment to the National Historic Preservation Act.  Pub. L. 89-665, Title II, § 308, as added Pub.L. 106-355, § 2, Oct. 24, 2000, 114 Stat. 1385.

enjoin defendants, "their agents, employees and all persons acting in concert with them from taking any action pursuant to the decision."  Id., p. 18.

## ARGUMENT

The nondecisionmaking defendants should be dismissed from this case because no cause of action is asserted against them and no relief sought from them.  The nondecisionmaking defendants did not take the final agency action plaintiffs challenge -- the decision confirming a recommendation to convey the light station to the Heritage Commission.  These defendants are neither "the agency" nor "the appropriate officer" against whom the APA authorizes an action.  Because there is no waiver of sovereign immunity for an APA claim against the nondecisionmaking defendants, this Court lacks subject matter jurisdiction, and they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Moreover, since the nondecisionmaking defendants neither took nor are responsible for taking the agency action at issue, plaintiffs fail to state a claim for relief against them, and so any purported claim against them should be dismissed pursuant to Fed. R.Civ. P. 12(b)(6).  Because even answering the Complaint on behalf of the five nondecisionmaking defendants, in addition to the appropriate agency and officers responsible for the single decision at issue, will be unnecessarily cumbersome and confusing, the litigation can proceed more efficiently without those defendants and will conserve judicial resources.

**PLAINTIFFS' SINGLE CAUSE OF ACTION PROVIDES NEITHER A WAIVER OF SOVEREIGN IMMUNITY NOR A COGNIZABLE CLAIM AGAINST THE NONDECISIONMAKING DEFENDANTS.**

Although Plaintiffs have not delineated any distinct Count in their Complaint, they have made their single cause of action clear in the first sentence, explaining that their claim is "brought pursuant to the administrative procedures act (sic), 5 U.S.C. § 702, et seq."  Compl.,

3

p.1. The APA provides that "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA further provides that such judicial review is available for a federal agency's "final agency action." 5 U.S.C. § 704. See also Franklin v. Massachusetts, 505 U.S. 788, 796 (1992). In determining what constitutes the "final agency action," "the core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." Franklin v. Massachusetts, 505 U.S. at 797 (emphasis added). Courts do not consider the "ruling of a subordinate official" or a "tentative" ruling the "final agency action." Id. (citing Abbott Laboratories v. Gardner, 387 U.S. 136, 151 (1967)). "[P]reliminary, procedural, or intermediate agency action[s]" are only "subject to review on the review of the final agency action," U.S. Association of Importers of Textiles and Apparel v. U.S. Dept. of Commerce, — F.3d —, 2005 WL 1514248 (Fed. Cir. 2005); 5 U.S.C. §704. The final agency action must be the "final and binding determination;" the "consummation of the agency's decision- making process." Bennett v. Spear, 520 U.S. 154, 177-78 (1997).

    The APA identifies the proper defendants as "the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703 (emphasis added). Since the statute provides for review of a final agency action, "the agency" and "the appropriate officer" must refer to those who took, or who were responsible under the NHLPA for taking, the final action. Nonetheless, Plaintiffs here include the nondecisionmaking defendants, who fit neither category.

    In their Complaint, plaintiffs expressly plead that they seek judicial review of "a decision" confirming the recommendation of the National Park Service to convey the light station to the Heritage Commission. Compl., pp. 1, 16 (emphasis added). It is this decision that

4

marks the "consummation of the agency's decisionmaking process," see Bennett, 520 U.S. at 177-78, and which will directly affect Plaintiffs' rights. See Franklin, 505 U.S. at 797. Since Craig Manson, Assistant Secretary of Fish, Wildlife and Parks, signed the final decision and had authority to reject the initial recommendation, any action prior to his was intermediate, "tentative," or that of a "subordinate official."

As is clear on the face of the Complaint itself, defendants Matthews and Smith did not make "the decision" being challenged. Against Matthews, plaintiffs only allege that the Preservation Society "was informed by [her]...that the National Park Service had chosen the [] Heritage Commission" as its recommendation for recipient of the light station. Compl.¶ 50. Similarly, the only actions plaintiffs allege against Smith[4] are that he "conducted a site visit," Id.,¶ 45, and "informed...[Plaintiff Preservation Society] that the Heritage Commission . . . would most likely prevail. . ., [he] would write the recommendation, and [he] would write [it] so that it would. . .[withstand] appeal...and be acceptable. . ." Id., ¶ 48. These actions, in addition to not being the action plaintiffs challenge, are not the "final agency action" and therefore not what the APA subjects to judicial review. See Franklin, 505 U.S. at 797 (actions of "subordinate officials" are not the "final agency action" under APA). Neither Matthews nor Smith, the officials who took those intermediate steps, is "the appropriate officer" to which § 703 of the APA refers. Having to answer the Complaint on their behalf, when the vast majority of allegations, including those describing how plaintiffs have been injured, relate to the final agency decision, would be needlessly complicated. The claims against them should be

---

[4] In any event, P. Daniel Smith has left his position as Special Assistant to the Office Of the Director, National Park Service, as plaintiffs concede, and the current official would be automatically substituted for him pursuant to Fed. R. Civ. P. 25(d)(1).

dismissed.

As to the three GSA defendants, GSA is not the agency that made the <u>recommendation</u> of which applicant to select, let alone the final decision. Indeed, plaintiffs do not allege that any official within the GSA made the decision they challenge under the APA, and defendant Kelly is not even mentioned in the Complaint except in the initial listing of defendants under "Parties." Compl., ¶ 4. Plaintiffs' only allegations against the GSA either pertain to preliminary steps in the conveyance process or to GSA's ability to convey the light station. Specifically, plaintiffs allege that "pursuant to NHLPA, the Secretary of Interior and the Administrator of the GSA were required to establish a process and policies [pertaining to the conveyance of historic light stations]... [and] no such process or policies were established," Compl., ¶ 20-21, that "notwithstanding that no process and policies were established..., a Notice of Availability... was issued by the GSA," <u>Id.</u>, ¶ 25, and that "the GSA held its official site visit," <u>Id.</u>, ¶ 42. They also allege that GSA "does not have good title to the light station, does not have a deed..., and has no power to effectuate a valid transfer..." <u>Id.</u>, ¶ 56(k). Under the NHLPA, GSA officials are charged with preliminary steps in the overall process of conveying historic light stations, and with effecting conveyance <u>after</u> an applicant is selected by the Secretary of the Interior. <u>See</u> 16 U.S.C. 470w-7(b)(1) and (3). The first activity is not even arguably the final action in the process, however, and the latter step has yet to occur in this case. Finally, the prayer for relief under their single APA claim only pertains to "the decision." <u>See</u> <u>Id.</u> at p. 18 ("plaintiffs request an order of this Court: (A) declaring the decision issued by the National Park Service . . . arbitrary and capricious," etc.).[5]  The GSA is therefore not "the agency" to which § 703 of the

---

[5] This appears to be an error. The Complaint otherwise makes clear that it is the <u>confirmation</u>, by an Assistant Secretary of the Interior, of the Park Service's recommendation that allegedly caused

APA refers and the agency and its officials should be dismissed from the action.

In improperly naming the nondecisionmaking defendants, plaintiffs unnecessarily complicate the litigation process and gain no benefit in doing so. In the 56-paragraph Complaint, there are few specific allegations against the nondecisionmaking defendants, no allegations that the nondecisionmaking defendants took the action by which plaintiffs are aggrieved, and no relief sought from the nondecisionmaking defendants. Paragraph 56, which summarizes the alleged violations of law that have injured the plaintiffs, refers exclusively to "the decision of the National Park Service"[6] and why "it" allegedly is arbitrary, capricious and unlawful. The prayer for relief likewise refers (five times) to "the decision." Compl., p. 16. Since there is no relief-related reason for including the nondecisionmaking defendants, they should be dismissed. See Watson Pharmaceuticals, Inc. v. Henney, 194 F.Supp.2d 442, 446 (D.Md. 2001) (dismissing claim as to defendant against whom no relief was sought); Taylor v. City of New York, 953 F.Supp. 95, 98 (S.D.N.Y. 1997) ("it is well-settled that 'where the complaint names a defendant in the caption, but no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'") (citing Thomas v. Beth Israel Hosp. Inc., 710 F.Supp. 935, 942 (S.D.N.Y. 1989).

To answer the specific allegations of the Complaint pertaining to a single decision, on behalf of five defendants who did not make that decision, three of whom are not even within the agency that did make the decision, would be needlessly cumbersome, complicated, and time

---

plaintiffs' injury. See Compl.¶¶ 51-53. In any event, the Park Service is also named.

[6] As explained in footnote 3, *supra*, this reference appears to be an error.

consuming. Dismissing the nondecisionmaking defendants would promote the "just, speedy, and inexpensive determination" of this action, without any prejudice to plaintiffs' cause. See Fed. R. Civ. P. 1. Moreover, such dismissal is required by Fed. R. Civ. P. 12(b)(1) and (6).

### A. Since There is No Waiver of Sovereign Immunity, The Court Lacks Subject Matter Jurisdiction Over Any Purported Claims Against the Nondecisionmaking Defendants.

The nondecisionmaking defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the APA does not provide a basis for subject matter jurisdiction for any purported claims against them. Since plaintiffs' suit is against the United States, this Court lacks jurisdiction unless the plaintiff establishes that sovereign immunity has been waived. Plaintiff has failed to show a waiver as to the nondecisionmaking defendants.

As an initial matter, no action can lie against the United States, its agencies or its officials acting in an official capacity unless Congress has authorized it and consented to suit. See United States v. Mitchell, 445 U.S. 535, 538 (1980); Eveland v. CIA, 843 F.2d 46, 49 (1st Cir. 1988). "'The United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " Massachusetts v. Departmental Grant Appeals Bd., 815 F.2d 778, 781 (1st Cir.1987) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Unless waived, then, sovereign immunity bars both equitable and legal claims against the United States. Beller v. Middendorf, 632 F.2d 788, 796 (9th Cir.1980), cert. denied, 452 U.S. 905 (1981). "A plaintiff seeking to bring suit against the government cannot withstand a motion to dismiss...without first demonstrating a waiver of sovereign immunity." Codeiro v. Brock, 698 F.Supp. 373, 374 (D.Mass.1988), aff'd, 860 F.2d 1073 (1st Cir. 1988). Any waiver must be strictly construed in favor of the sovereign and not be enlarged beyond what its language plainly requires. Bolduc v.

U.S., 402 F.3d 50, 56 (1st Cir. 2005); see also Department of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).  Plaintiffs bear the burden of proving that subject matter jurisdiction exists. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Puerto Rico Tel. V. Telecomm. Regulatory Bd., 189 F.3d 1, 7 (1st Cir. 1999).  Here, plaintiffs have failed to meet their burden as to the nondecisionmaking defendants.

The APA provides a limited waiver of sovereign immunity[7] in that it provides for judicial review only of a "final agency action," 5 U.S.C. § 704, against "the United States, the agency by its official title, or the appropriate officer."  5 U.S.C. § 703.  National Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236 (11th Cir. 2003) (noting that federal jurisdiction is lacking "when the administrative action in question is not 'final' within the meaning of 5 U.S.C. § 704.").  That waiver must be strictly construed; it cannot be enlarged "beyond such boundaries as its language plainly requires."  United States v. Horn, 29 F.3d 754, 762 (1st Cir.1994).  Here, plaintiffs have named at least five defendants[8] who were not responsible for the final agency action of which they complain, and have asserted no other cause

---

[7]The APA does not provide an independent basis for jurisdiction to review agency actions. Califano v. Sanders, 430 U.S. 99 (1977)), but it waives sovereign immunity in non-monetary relief claims brought under federal question statutes.  Plaintiffs also invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.  Id., ¶ 5.  The decision plaintiffs challenge under the APA was made pursuant to the NHLPA, e.g., ¶¶ 5, 20-26, 46, 54,56.

[8]Arguably, plaintiffs already have named more defendants than necessary in naming both the Department of the Interior and the National Park Service, in addition to the Secretary of the Interior, the Director of the National Park Service, and Manson, the Assistant Secretary of Fish, Wildlife and Parks, since naming more than one of those defendant is probably not required to obtain the relief they seek. See  Inland Steel Company v. Environmental Protection Agency, 901 F.2d 1419, 1420 (7th Cir. 1990) (Posner, J.) (noting that "there is no point in naming the Administrator of the Environmental Protection Agency as a respondent in a petition to review an order of the agency"); Sarit v. Drug Enforcement Agency, 759 F.Supp. 63, 73 (D. RI. 1991) (since plaintiffs named agency as defendant in their APA claim, naming agents as well was unnecessary).   Since the Complaint can more easily be answered on behalf of those defendants collectively, however, such a "belts and suspenders" approach is not material, which is not the case with the nondecisionmaking defendants.

of action against them.  There is no evident basis in the Complaint for subject matter jurisdiction over any purported claim against the nondecisionmaking defendants.  Absent subject matter jurisdiction, this Court must dismiss the nondecisionmaking defendants from the action.

      Dismissal of the nondecisionmaking defendants would be in accord with case law dismissing improper defendants under other limited waivers of sovereign immunity.  For example, in Title VII cases, where the statute identifies the proper defendant as the agency head, courts have dismissed claims against the agency itself, holding that "because Congress has not waived [the agency's] sovereign immunity under Title VII, the Court must [] dismiss [the case] for lack of subject matter jurisdiction." Nichols v. Agency For Int'l Dev., 18 F.Supp.2d 1, 3 (D.D.C. 1998); see also Soto v. United States Postal Service, 905 F.2d 537, 539 (1st Cir. 1990), cert. denied, 498 U.S. 1027 (1991) (recognizing that in a Title VII action, "the [agency head] is the only properly named defendant.... A district court should dismiss claims against all other defendants..."); Mason v. African Development Foundation, 355 F.Supp.2d 85, 89 (D.D.C. 2004) (dismissing agency for lack of subject matter jurisdiction).  Likewise, courts dismiss improperly named defendants for lack of subject matter jurisdiction under the Federal Torts Claims Acts where the only proper defendants is the United States, see, e.g. Bennett ex rel Estate of Bennett v. F.B.I., 278 F.Supp.2d 104, 121 (D. Mass. 2003) (dismissing claim against agency defendant), and the Federal Food Stamps Program.  Calderon v. U.S. Dept. of Agriculture, Food, and Nutrition Program, 756 F.Supp. 181, 182-84 (D.N.J. 1990) (dismissing claim against agency).

      Here, the nondecisionmaking defendants are not the proper defendants identified by the APA; none of them is "the agency" or the "appropriate officer."  Any purported claims against the nondecisionmaking defendants should be dismissed for lack of subject matter jurisdiction.

### B. Plaintiffs Fail to State a Claim for Relief Against the Nondecisionmaking Defendants.

In any event, the nondecisionmaking defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs have not set forth a set of facts that would entitle them to relief from those defendants under any cognizable theory. Indeed, the Complaint fails to set forth any relief sought from them, since all of the requested relief concerns "the decision" by Manson.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs must set forth in their complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997). The Court's review is limited to the allegations set forth in the Complaint itself. See Thompson Tool Co., Inc. v. United States, 656 F.Supp. 1077, 1079 (D.N.H. 1987) citing Litton Industries v. Colon, 587 F.2d. 70 (1st Cir. 1978). If their Complaint presents no set of facts justifying recovery, dismissal is appropriate. Conley v. Gibson, 355 U.S. 41, 45-46 (1975); Gooley v. Mobil Oil Corp, 851 F.2d 513, 514 (1st Cir. 1988). This threshold "is real - and it is plaintiff's burden to take the step which brings his case safely into the next phase of litigation." Gooley, 851 F.2d at 514. Plaintiffs here have failed to fulfill this burden with respect to the nondecisonmaking defendants, since there is no apparent basis for any cognizable claim against them set forth in the Complaint.

When a defendant is improperly named, dismissal of the claims against that defendant is required. See e.g., Everhart v. Allmerica Financial Life Ins. Co., 275 F.3d 751, 753-754 (9th Cir. 2001), cert. denied, 536 U.S. 958 (2002) (affirming dismissal of claims against employee benefit plan insurer, as suit under ERISA to recover benefits may only be brought against the plan or the

plan administrator); Cervoni v. Secretary of Health, Ed. and Welfare, 581 F.2d 1010, 1018 (1st Cir.1978) (affirming dismissal of complaint seeking judicial review of decision under Medicare reimbursement regulations where, *inter alia,* APA did not provide grant of subject matter jurisdiction and §1983 claims could only be asserted against state, not federal actors).  This principle applies equally where government officials are sued in their official capacity.  Burns v. Potter, 334 F.Supp.2d 13, 20 (D. Mass. 2004) (dismissing, *inter alia*, Privacy Act claim against Postmaster General because civil remedy for alleged violations of employees' privacy is restricted to action against the agency itself); Thompson Tool Co., Inc. v. United States, 656 F.Supp. at 1086 (granting motion for sanctions against attorneys who signed amended complaint naming six EPA employees in their official capacity in FTCA action, finding it was unreasonable to include those defendants where law is well established that United States is only proper defendant).[9]  It is similarly unreasonable here to name ten defendants to challenge one decision.

## CONCLUSION

For the above-stated reasons, defendants respectfully request that the Court grant this Motion and dismiss the Complaint with respect to Janet Snyder Matthews, P. Daniel Smith,

---

[9] Although there is scant case law addressing appropriate defendants in APA claims, a survey of some recent APA cases shows pleading in line with § 703, in that the named defendants are the deciding agency and/or agency head.  See e.g. Nat. Park Hospitality Assoc. v. U.S. Dept. of the Interior, 538 U.S. 803 (2003) (naming agency, Secretary of Interior and Director of National Park Service); Narragansett Electric Company v. United States Environmental Protection Agency, 407 F.3d 1 (1st Cir. 2005) (naming agency); Carcieri v. Norton, 398 F.3d 22 (1st Cir. 2005) (naming Secretary of Interior and Eastern Area Director of Bureau of Indian Affairs); Harrington v. Chao, 372 F.3d 52 (1st Cir. 2004) (naming Secretary of Labor); Fund for Animals v. Mainella, 283 F.Supp.2d 418 (D. Mass. 2004) (naming Director of National Park Service, Secretary of Interior, and Department of Interior for APA claim).

Administrator of General Services, General Services Administration, and John Kelly.

                                        Respectfully submitted,

                                        By their attorney,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                        /s/ Barbara Healy Smith
                              By:    Barbara Healy Smith
                                        Assistant U.S. Attorney
                                        John Joseph Moakley U.S.  Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3263

Dated:   4 August 2005