IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BAKER'S ISLAND LIGHTHOUSE PRESERVATION SOCIETY, INC., and ROBERT LEAVENS, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.: 05-10855-PBS |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF INTERIOR, SECRETARY OF THE INTERIOR, NATIONAL PARK SERVICE, DIRECTOR OF NATIONAL PARK SERVICE, CRAIG MANSON, As He Is Assistant Secretary Of Fish, Wildlife And Parks, JANET SNYDER MATTHEWS, As She Is Associate Director, Cultural Resources, National Park Service, BRIAN SWEATLAND, As He Is Special Assistant to the Office Of The Director, National Park Service, ADMINISTRATOR OF GENERAL SERVICES, GENERAL SERVICES ADMINISTRATION, and JOHN KELLY, As He Is Acting Director of Property Disposal, General Services Administration , | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER**

Defendants United States Department of Interior, Secretary of the Interior, and Craig

Manson, as he is Assistant Secretary of Fish, Wildlife and Parks (the "Interior Defendants"),

National Park Service, Director National Park Service, Janet Snyder Matthew, as she is Associate

Director, Cultural Resources, National Park Service, and Brian Sweatland,[1] as he is Special

Assistant to the Director, National Park Service (the "Parks Defendants"), and Administrator of

---

[1]Pursuant to Fed. R. Civ. P. 25(d)(1), Mr. Sweatland is automatically substituted for Mr. Smith.

General Services, the General Services Administration, and John Kelly, as he is Director of

Property Disposal, General Services Administration (the "GSA Defendants"), by and through their

undersigned counsel, Michael J. Sullivan, United States Attorney for the District of Massachusetts,

hereby respond to the numbered paragraphs of the Amended Complaint ("Complaint") of Plaintiffs

Baker's Island Lighthouse Preservation Society, Inc. and Robert Leavens as follows:

The initial, unnumbered paragraphs of the Complaint, headed "Introduction," on pages 1-3,

consist of plaintiffs' characterization of this action and/or legal conclusions to which no response is

required. To the extent that those paragraphs are deemed to set forth factual allegations requiring a

response, such allegations are denied.

1.      Defendants lack information or knowledge sufficient to form a belief as to the truth

or falsity of these allegations and therefore such allegations are denied.

2.      Defendants lack information or knowledge sufficient to form a belief as to the truth

or falsity of these allegations and therefore such allegations are denied.

3.      Paragraph 3 sets forth plaintiffs' characterization of this action and/or legal

conclusions to which no response is required. To the extent that Paragraph 3 is deemed to set forth

factual allegations requiring a response, such allegations are denied.

4.      Defendants admit that plaintiffs have named those ten entities or individuals in their

official capacity as defendants in this action. Further answering, defendants assert that at least five

of the named defendants are not proper defendants in this action challenging under the

Administrative Procedure Act a decision by the Department of the Interior.

5.      Defendants admit that plaintiffs have invoked the Court's federal question

jurisdiction under 28 U.S.C. § 1331 and that they claim the National Historic Lighthouse

Preservation Act, 16 U.S.C. § 470w-7, ("NHLPA") has been violated.

6.      The Interior and Parks Defendants lack information or knowledge sufficient to form

a belief as to the truth or falsity of these allegations.  The GSA Defendants are informed and believe

that Congressional authorization was passed on April 8, 1796 to build the lighthouse on what had

been privately owned land located on Baker's Island, and admit that Baker's Island is an island of

60 acres more or less situated within Salem Sound, in Essex County, Massachusetts.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Complaint.  Further

answering, defendants state that the land now comprising the Baker's Island Light Station ("the

Light Station") was vested in fee simple of record in the United States of America on the first

Tuesday of October, A.D. 1797, by award of the Court of General Sessions of the Peace, begun and

holden at Newburyport within and for the County of Essex, Massachusetts, recorded on pages 39

and 53 of record book entitled "Sessions Records July 1796-March 1803."

8.      Defendants admit the allegations set forth in Paragraph 8 of the Complaint, except

that the Interior and Parks Defendants lack information or knowledge sufficient to form a belief as

to when construction of the light tower began, but are informed and believe that it was completed in

1821.  The GSA Defendants are informed and believe that construction of the light tower began in

1820.

9.      Defendants lack information or knowledge sufficient to form a belief as to the truth

or falsity of these allegations and therefore such allegations are denied.

10.     The Interior Defendants and Parks Defendants lack information or knowledge

sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations

are denied.  The GSA Defendants deny the allegations of Paragraph 10 of the Complaint, and

specifically deny that the Coast Guard "abandoned" the property in the 1970s or at any time, or that

3

it "excessed" the property in the 1970s.  Further answering, the GSA Defendants state that the Coast Guard filed a form SF 118 - Report of Excess with the GSA on or about October 11, 2002, and that in 1980 the Coast Guard licensed the buildings to the Baker's Island Association ("Association").

11.     Defendants admit that the Light Station was listed in the National Register of Historic Places in November 1976.

12.     Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

13.     The Interior Defendants and Parks Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The GSA Defendants admit that the Coast Guard granted a license to the Association for "use and occupancy" of one of the keepers' dwelling.  The GSA Defendants refer the Court to the text of the license for a true and complete statement of the contents thereof.  To the extent that plaintiffs paraphrase, or characterize the meaning of, the license, no response is required.

14.     The Interior Defendants and Parks Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.   The GSA Defendants admit that in 1988 a thirty year, revocable license was granted to the Association.  The GSA Defendants refer the Court to the text of the license for a true and complete statement of the contents thereof.  To the extent that plaintiffs paraphrase, or characterize the meaning of,  the license, no response is required.  The GSA Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants lack information or knowledge sufficient to form a belief as to the truth

or falsity of these allegations to the extent they pertain to what plaintiffs have "faithfully" done, and to plaintiffs' future plans, and therefore such allegations are denied. Further answering, the GSA Defendants state that the license to which plaintiffs refer is revocable at any time upon thirty days' written notice.

16.     Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied. Further answering, the Interior and Parks Defendants state that the application submitted by the Association states that it was incorporated under the laws of Massachusetts on April 6, 1999.

17.     In response to the allegations set forth in Paragraph 17 of the Complaint, defendants state that the terms "remote," and "not readily available" are vague, subjective, and not defined, and on that basis defendants deny the allegations. Defendants admit that there is no public dock on Baker's Island. Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.     Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.

19.     In response to the allegations set forth in Paragraph 19 of the Complaint, defendants state that the term "adverse weather conditions" is vague, subjective, and not defined, and on that basis defendants deny the allegations.

20.     Defendants admit the allegations of Paragraph 20 of the Complaint, but refer the Court to the text of the statute cited for a true and complete statement of the contents thereof.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint. Further answering, defendants state that policies and procedures were put into place in the fall of 2001 for the NHLPA Pilot Program, and have been refined since then. The policies and procedures for the

decision at issue were evident in the Notice of Availability ("NOA"), and Application attached to the Complaint, and also set out, including Application Criteria and a flow chart of the application process, at the NHLPA website: www.cr.nps.gov/maritime/nhlpa/nhlpa.htm.

22.     The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior Defendants and Parks Defendants deny the allegations set forth in Paragraph 22 of the Complaint and incorporate by reference their response to Paragraph 21.

23.     The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior Defendants and Parks Defendants admit that a draft "National Park Service Regional Handbook for Implementing NHLPA" has been developed, and that it was not in use at the time the plaintiffs applied for the Light Station.  Defendants deny the remaining allegations set forth in Paragraph 23 of the Complaint, and specifically deny the implication that the Handbook is the only source of policies and procedures for conveyance of excessed lighthouses.  Further answering, defendants state that the Handbook has been provided to the plaintiffs, but that the process and policies guiding the decision at issue in this litigation were evident in the NOA, the Application provided to plaintiffs, and on the NHLPA website.

24.     The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior Defendants and Parks Defendants deny the allegations set forth in Paragraph 24 of the Complaint, and incorporate by reference their responses to Paragraphs 21 and 23.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants deny the first two clauses of the first sentence of Paragraph 26, and incorporate by reference their responses to Paragraphs 21 and 23. Defendants admit that, in keeping with the process for notifying the public of the availability of an excessed lighthouse, an NOA for the Light Station was issued by the GSA Defendants on or about May 23, 2003. Defendants refer the Court to the text of the NOA for a true and complete statement of the contents thereof.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint, and refer the Court to the text of the NOA and the statute cited for a true and complete statement of the contents thereof, including the omitted ending of the quoted sentence, which concludes "unless such commercial activities are approved by the Secretary."

28.     Defendants admit the allegations in the first sentence of Paragraph 28 of the Complaint. Defendants deny the second sentence of Paragraph 28 and refer the Court to the text of the NOA for a true and complete statement of the contents thereof. Further answering, defendants state that the NHLPA provides that no submerged lands will be transferred. 16 U.S.C. § 470w-7(2)(d)(4).

29.     The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied. The Interior and Parks Defendants admit the allegations of Paragraph 29 of the Complaint.

30.     The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied. The Interior and Parks Defendants admit that the Essex National Heritage Commission (Heritage Commission) submitted an application, but state that it was submitted on or about November 19, 2003, not "after

November 10, 2004." Defendants deny the allegations in the second sentence of Paragraph 30.

31.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied. The Interior and Parks Defendants admit that the Heritage Commission is a nonprofit organization that serves as the management entity for the Essex National Heritage Area ("Heritage Area").

32.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied. The Interior and Parks Defendants deny that 5 U.S.C. § 505 et seq says what plaintiffs allege, if it exists. Further answering, the Interior and Parks Defendants admit that the Heritage Area was established by an act of Congress, the Omnibus Parks and Public Lands Management Act of 1996, Pub. L. No. 104-333, Div II, Title V, 110 Stat. 4257 (1996) (codified at 16 U.S.C. § 461). Defendants refer the Court to text of this legislation for a true and complete statement of the contents thereof.

33.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied. In response to the first sentence of Paragraph 37 of the Complaint, the Interior and Parks Defendants deny that 5 U.S.C. § 503 says what plaintiffs allege. The Interior and Parks Defendants admit that the quoted portion is within the legislation creating the Essex National Heritage Area. Further answering, the Interior and Parks Defendants admit that the Heritage Area "shall comprise the lands generally depicted on the map numbered NAR-51-80,000 and dated August 1994" as expressed in Section 503 of Title V of Division II of Omnibus Parks and Public Lands Management Act of 1996, Pub. L. No. 104-333, 110 Stat. 4257, and admit that this section sets forth the designation of the Heritage Area. Defendants refer the Court to the text of this legislation for a true and complete statement of

the contents thereof.  Defendants deny the remaining allegations of the first sentence of Paragraph

33.

33.    34.    The GSA Defendants lack information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.  In response to the

allegations set forth in Paragraph 34 of the Complaint, the Interior and Parks Defendants admit that

neither Baker's Island, nor any of the other islands in Salem Sound, are drawn on the map attached

to the Complaint as Exhibit D.  Further answering, the Interior and Parks Defendants specifically

deny that Baker's Island is not within the Heritage Area, and state that the legislation states that

"[t]he Area shall comprise the lands generally depicted on the map," that the purpose of designating

the area is, *inter alia*, "preserving . . . the unique and significant contributions. . . of [] historic. . .

structures within the County of Essex in the Commonwealth of Massachusetts" (at § 503(a)), and

Salem, including the islands in Salem Sound, are within the boundaries of Essex County.

   35.    The GSA Defendants lack information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.  In response to the

allegations set forth in Paragraph 35 of the Complaint, the Interior and Parks Defendants state that

the legislation refers to "historic and cultural lands, natural waterways and structures within the

county of Essex."  Defendants incorporate by reference their response to Paragraph 34.

   36.    The GSA Defendants lack information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and

Parks Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

   37.    The GSA Defendants lack information or knowledge sufficient to form a belief as to

the truth or falsity of these allegations and therefore such allegations are denied.  In response to the

first sentence of Paragraph 37 of the Complaint, the Interior and Parks Defendants deny that 5 U.S.C. § 504 says what plaintiffs allege.  Further answering, the Interior and Parks Defendants admit that Section 504 of title V of Division II of Omnibus Parks and Public Lands Management Act of 1996, Pub. L. No. 104-333, 110 Stat. 4257, sets forth the duties of the Heritage Commission. The Interior and Parks Defendants deny that this section sets forth the powers of the Heritage Commission.  Defendants refer the Court to the text of the legislation for a true and complete statement of the contents thereof.  In response to the second sentence of Paragraph 37, the Interior and Parks defendants state that ownership of land is not prohibited by the language of the legislation.  The Interior and Parks Defendants specifically deny the implication that ownership of land by the Heritage Commission is prohibited.

38.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants deny that 5 U.S.C. § 508 says what plaintiffs allege.  Further answering, the Interior and Parks Defendants admit that Section 508 of Title V of Division II of Omnibus Parks and Public Lands Management Act of 1996, Pub. L. No. 104-333, 110 Stat. 4257, sets forth funding authority for the Commission, and refer the Court to the text of the public law for a true and complete statement of the contents thereof.

39.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants admit the allegation set forth in Paragraph 39 of the Complaint.  Further answering, the Interior and Parks Defendants state that the most recent independent audit of the Heritage Commission certifies that the match was provided.

10

40.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants deny the allegations set forth in Paragraph 40 of the Complaint, and incorporate by reference their response to Paragraph 39.

41.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants admit that the Heritage Commission submitted an application to become the transferee of the Light Station.  The Interior and Parks Defendants refer the Court to the Heritage Commission's application for a true and complete statement of the contents thereof.  To the extent plaintiffs paraphrase, or characterize the meaning of, the application, no response is required. Defendants deny the remaining allegations of Paragraph 41.

42.    Defendants admit the allegations set forth in Paragraph 42 of the Complaint.

43.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.    Defendants admit the allegations set forth in Paragraph 45 of the Complaint.

46.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants deny the allegations in Paragraph 46.

47.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants admit that the Commission's application includes potential rental of one of the light keeper's dwellings.  Further answering, the Interior and Parks Defendants incorporate by reference their response to Paragraph 27.

48.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior and Parks Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.    Defendants admit the allegations in the first sentence of Paragraph 49 of the Complaint.  Defendants deny the remaining allegations in Paragraph 49.

50.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.   The Interior and Parks Defendants admit the allegations set forth in Paragraph 50, and refer the Court to the cited letter for a true and complete account of the contents thereof.

51.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior Defendants and Parks Defendants admit the allegations set forth in Paragraph 51, and refer the Court to the letter cited for a true and complete account of the contents thereof.

52.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied.  The Interior Defendants and Parks Defendants admit the allegations set forth in Paragraph 52, and refer the Court to the letter cited for a true and complete account of the contents thereof.

53.    The GSA Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of these allegations and therefore such allegations are denied. The Interior Defendants and Parks Defendants admit the allegations set forth in Paragraph 53, and refer the Court to the letter cited for a true and complete account of the contents thereof.

54.    Paragraph 54 sets forth legal conclusions to which no response is required.  To the extent Paragraph 54 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

55.    Paragraph 55 sets forth legal conclusions to which no response is required.  To the extent Paragraph 55 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

56.    Paragraph 56 sets forth legal conclusions to which no response is required.  To the extent Paragraph 56 is deemed to set forth factual allegations to which a response is required, such allegations are denied.

55.[sic]  Paragraph 55[sic] sets forth legal conclusions to which no response is required.  To the extent Paragraph 55[sic] is deemed to set forth factual allegations to which a response is required, such allegations are denied.

56.[sic]  Paragraph 56[sic] sets forth legal conclusions to which no response is required.  To the extent Paragraph 56[sic] is deemed to set forth factual allegations to which a response is required, such allegations are denied.

The remaining Paragraphs of the Complaint set forth plaintiffs' prayers for relief to which no response is required, but to the extent that a response is required, defendants deny that plaintiffs are entitled to any of the relief requested.  Defendants hereby deny each and every allegation in the

Complaint not previously admitted or otherwise responded to in this Answer.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs have failed to invoke or plead a waiver of sovereign immunity providing a cause of action against the GSA Defendants, and so this Court lacks subject matter jurisdiction over any purported claims against them.

### FOURTH DEFENSE

Because they have no interest in or claim to ownership of the property at issue, plaintiffs lack standing to challenge any purported failure by the GSA Defendants to have or obtain title to the light station.

### FIFTH DEFENSE

Plaintiffs have failed to exhaust all administrative remedies.

### SIXTH DEFENSE

The decision by the Department of the Interior to confirm the recommendation of the National Park Service to convey the light station to the Heritage Commission was not arbitrary, capricious, an abuse of discretion, in excess of its authority, or otherwise contrary to law, but was in fact well-reasoned and based on careful consideration of both applications, pursuant to the goals of the NHLPA, and application of the policies and procedures set forth in the NOA, Application, Application Criteria, and Flow Chart of the Process as provided to plaintiffs and/or stated on the NHLPA web page to which plaintiffs were directed in the NOA.

WHEREFORE, defendants, having fully answered the allegations in the Amended

14

Complaint, respectfully request that this Court enter judgment in favor of all defendants, dismissing the Complaint, awarding defendants costs for defense of this action, and awarding such other relief as this court considers just and proper.

Respectfully submitted,

By their attorney,

MICHAEL J. SULLIVAN
United States Attorney

  /s/ Barbara Healy Smith     
By:   Barbara Healy Smith
Assistant U.S. Attorney
John Joseph Moakley U.S.   Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3263

Dated:  8 September 2005