UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAKER'S ISLAND LIGHTHOUSE PRESERVATION SOCIETY, INC. And ROBERT LEAVENS<br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, SECRETARY OF THE INTERIOR, NATIONAL PARK SERVICE, DIRECTOR NATIONAL PARK SERVICE, CRAIG MANSON, As He Is Assistant Secretary Of Fish, Wildlife And Parks, JANET SNYDER MATTHEWS, As She Is Associate Director, Cultural Resources, National Park Service, BRIAN SWEATLAND, As He Is Special Assistant to the Office Of The Director, National Park Service, ADMINISTRATOR OF GENERAL SERVICES, GENERAL SERVICES ADMINISTRATION, and JOHN KELLY, As He is Acting Director of Property Disposal, General Services Administration<br>　　　　　Defendants | C.A. No. 05-10855 PBS |

**PLAINTIFFS' REQUEST TO EXPAND THE RECORD
IN SUPPORT OF THEIR RULE 16 STATEMENT**

Plaintiffs submit this request in support of plaintiffs' suggested discovery/summary judgment schedule as set forth in the parties' Rule 16 statement.  Plaintiffs request that the Court permit discovery against the government defendants and that the Court allow enlargement of the administrative record in the case to include all documents pertinent to the intermediate and

preliminary agency action of which plaintiffs complain. As grounds for this request, the plaintiffs state:

      1. The amended complaint challenges not only the final agency action of deciding to grant the historic light station on Baker's Island to the Essex National Heritage Commission ("the Commission"), but also explicitly challenges the preliminary and intermediate agency action of failing to develop a policy and process governing the decision-making as mandated by Congress and initiating the process in circumstances where the government cannot establish ownership of the light station in question. The government has produced an "administrative record" in this case which omits any documents pertinent to the preliminary and intermediate agency action at issue. Moreover, the government's "administrative record" omits several documents which pertain to the final agency action challenged in the amended complaint.

      2 .The good faith of the government in producing an incomplete administrative record must be judged against the backdrop of the plaintiffs' repeated Freedom of Information Act ("FOI") requests that have gone unanswered, or only partially answered, as described in the attached Affidavit of Robert Leavens. For over one year the plaintiffs have sought to receive basic information about the mandatory process and policies for selecting an eligible entity to own the light station, to no avail. The plaintiffs have also sought to procure the government's evidence of ownership of the property of the light station, which also proved to be a fruitless endeavor.

      3. The only process and policies ever produced were draft regulations which the government defendants admit were not used to select an entity to own the Baker's Island light station. Instead, the government points to its application and a flow chart on its web

site as the "process and policies" required to be developed by Congress.  These communications are patently inadequate to satisfy the congressional mandate that the government agencies work together to develop regulations to govern the decision-making.  Moreover, the first time anyone ever suggested that the application and flow chart constituted the required process and policies was when the defendants filed their answer to the amended complaint!

      4.  Similarly, the government has repeatedly dodged the legitimate question of whether it owns the light station  -- a prerequisite to the statutory scheme through which the light station can be conveyed.  Despite the plaintiffs' requests, no one has ever produced a deed and no deed is recorded at the registry of deeds as the government has contended.  In fact, representatives of the Coast Guard have admitted that there is no deed!

Plaintiffs submit the affidavit of Robert Leavens in support of this request.  The Leavens affidavit provides ample additional details of the government's bad faith in its dealings with the plaintiffs over many months and cites various admissions by government officials, including that no process or policies governed the selection of the Commission as the entity to own the light station, that the officials responsible for making the selection did not read the complete applications and that the government doesn't own the property – all of which compels the conclusion that discovery and an expanded record are required for a just decision in the case.

|  |  |
|---|---|
|  | **BAKER'S ISLAND LIGHTHOUSE PRESERVATION SOCIETY, INC. AND ROBERT LEAVENS** <br> By their attorney, <br><br> /s/Catherine Savoie <br> Catherine Savoie, BBO #544599 <br> POSTERNAK, BLANKSTEIN & LUND, L.L.P. <br> The Prudential Tower <br> 800 Boylston Street <br> Boston, MA  02199 <br> (617) 973-6100 |
| Dated:  November 3, 2005 |  |